Submitted May 3, reversed and remanded June 12, 2013

Robert Lee ERSKINE,
aka Ronald Lee Chevalier,
*Petitioner,*

*v.*

PSYCHIATRIC SECURITY REVIEW BOARD,
*Respondent.*

Psychiatric Security Review Board
102458; A149637

304 P3d 50

Harris S. Matarazzo filed the brief for petitioner.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Rebecca M. Johansen, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

Petitioner seeks judicial review of an order of the Psychiatric Security Review Board (the board) conditionally releasing him to the custody of the Oregon Department of Corrections (DOC). We reverse and remand.

In 2010, petitioner was found guilty except for insanity of first-degree burglary, and was committed to the Oregon State Hospital and placed under the jurisdiction of the board. In 2011, the hospital applied, pursuant to ORS 161.341(1), for a hearing before the board to determine whether petitioner should be conditionally released from the hospital to the DOC.[1] Petitioner opposed conditional release to the DOC and asserted, among other things, that the hospital had failed to provide a conditional release plan. After a hearing, the board found that petitioner was affected by a mental disease or defect and, without adequate supervision and treatment, would continue to present a substantial danger to others. However, it determined that petitioner "could be adequately controlled and treated in the community if he were conditionally released at this time to the [DOC]." Accordingly, the board ordered that petitioner be conditionally released to the custody of the DOC.[2]

---

[1] ORS 161.341(1) provides:

"If at any time after a person is committed under ORS 161.315 to 161.351 to a state hospital or a secure intensive community inpatient facility, the superintendent of the hospital or the director of the secure intensive community inpatient facility is of the opinion that the person is no longer affected by mental disease or defect, or, if so affected, no longer presents a substantial danger to others or that person continues to be affected by mental disease or defect and continues to be a danger to others, but that the person can be controlled with proper care, medication, supervision and treatment if conditionally released, the superintendent or director shall apply to the agency having jurisdiction over the person for an order of discharge or conditional release. The application shall be accompanied by a report setting forth the facts supporting the opinion of the superintendent or director. If the application is for conditional release, the application must be accompanied by a verified conditional release plan. The agency shall hold a hearing on the application within 60 days of its receipt. Not less than 20 days prior to the hearing before the agency, copies of the report shall be sent to the Attorney General."

(Emphasis added.)

[2] Pursuant to the order, among other things, petitioner was to "reside in the secure custody of the [DOC]" and "participate in a treatment program coordinated by the [DOC]," and a person at DOC was given the responsibility to notify the board monthly of petitioner's "progress in the community."

In his first assignment of error, petitioner contends that the board erred in ordering the conditional release because, as a matter of law, pursuant to ORS 161.341, "in order for the [board] to proceed with a [h]ospital-requested conditional release, the [b]oard must have received a verified conditional release plan at the hearing." In response, the board "agrees that, under the circumstances of this case, the relevant statutes required the conditional release plan to be submitted to the [b]oard before petitioner's conditional release hearing." Because the hospital failed to submit the plan, "petitioner did not have an opportunity to challenge it," and the board "should not have granted conditional release." In view of the requirements of ORS 161.341, we agree and accept the board's concession. Accordingly, the board's order must be reversed and the case remanded. In view of our resolution of petitioner's first assignment of error, we do not address his second and third assignments of error, in which he raises additional challenges to the board's order conditionally releasing him to the DOC.

Reversed and remanded.